UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

ATTORNEYS OF RECORD:
    PAUL J. SIEGEL, ESQ.
    JOHN J. PORTA, ESQ.

| | |
|---|---|
| VALENTIN VEGA AVILA, JORGE MOLINA, and GIANLUCA STARACE, on behalf of themselves and all other similarly situated,<br><br>                                      Plaintiffs,<br><br>-against-<br><br>DA SILVANO CORP., d/b/a DA SILVANO RESTAURANT, and SILVANO MARCHETTO,<br><br>                                      Defendants. | **VIA ECF**<br><br><br>Civil Action No. 15 CV 4375<br><br>McMahon, J. |

TO:    D. MAIMON KIRSCHENBAUM, ESQ.
         JOSEPH & KIRSCHENBAUM LLP
         233 Broadway, 5th Floor
         New York, New York 10279
         (212) 688-5640

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants, DA SILVANO CORP., d/b/a DA SILVANO RESTAURANT, and SILVANO MARCHETTO, by and through their undersigned counsel, hereby responds to the allegations in Plaintiffs' Complaint as follows:

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint.

## AS TO "INTRODUCTION"

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

## AS TO "PARTIES"

5. Defendants can neither admit nor deny the content of Paragraph 5 of the Complaint, or the appropriateness thereof under the Federal Rules of Civil Procedure, as it fails to make factual averments against Defendants. To the extent that this Court finds that factual averments are pled by Plaintiffs in Paragraph 5 of the Complaint, Defendants deny each and every such factual averment.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

### AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

### AS TO "RULE 23 CLASS ALLEGATIONS – NEW YORK"

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 (a) through (g) of the Complaint.

## AS TO "FACTS"

26. Defendants can neither admit nor deny the contents of Paragraph 26 of the Complaint as it fails to make factual averments against Defendants. To the extent that this Court finds that factual averments are pled by Plaintiffs in Paragraph 26 of the Complaint, Defendants deny knowledge or information as to the truth or falsity of each and every such factual averment.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

### AS TO "FIRST CLAIM FOR RELIEF"
(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)
(Brought By Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)

39. Defendants repeat, reiterate and reallege each and every response contained in Paragraphs numbered 1 through 38 above, with the same force and effect as if fully set forth herein, and deny each and every allegation not admitted unequivocally herein.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of theComplaint.

### AS TO "SECOND CLAIM FOR RELIEF"
(FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*)
(Brought By Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)

43. Defendants repeat, reiterate and reallege each and every response contained in Paragraphs numbered 1 through 42 above, with the same force and effect as if fully set forth herein, and deny each and every allegation not admitted unequivocally herein.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

### AS TO "THIRD CLAIM FOR RELIEF"
(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 540, et seq.)
(Brought By Plaintiffs on Behalf of Themselves and the Class)

47. Defendants repeat, reiterate and reallege each and every response contained in Paragraphs numbered 1 through 46 above, with the same force and effect as if fully set forth herein, and deny each and every allegation not admitted unequivocally herein.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

## AS TO "FOURTH CLAIMF FOR RELIEF"
(New York State Overtime Violations, N.L. Lab. L. §§ 650, *et seq.*)
(N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 146-1.4, 137-1.3)
(Brought By Plaintiffs on Behalf of Themselves and the Class)

52. Defendants repeat, reiterate and reallege each and every response contained in Paragraphs numbered 1 through 51 above, with the same force and effect as if fully set forth herein, and deny each and every allegation not admitted unequivocally herein.

53. The statements contained in Paragraph 53 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 53 of theComplaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

## AS TO "FIFTH CLAIM FOR RELIEF"
(Illegal Deductions from Gratuities, N.L. Lab. L. §§ 193, 196-d and 198-b)
(Brought By Plaintiffs on Behalf of Themselves and the Class)

56. Defendants repeat, reiterate and reallege each and every response contained in Paragraphs numbered 1 through 55 above, with the same force and effect as if fully set forth herein, and deny each and every allegation not admitted unequivocally herein..

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

### AS TO "SIXTH CLAIM FOR RELIEF"
(New York Notice Requirements, N.L. Lab. L. §§ 195, 198)
(Brought By Plaintiffs on Behalf of Themselves and the Class)

59. Defendants repeat, reiterate and reallege each and every response contained in Paragraphs numbered 1 through 58 above, with the same force and effect as if fully set forth herein, and deny each and every allegation not admitted unequivocally herein.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

### AS TO "SIXTH CLAIM FOR RELIEF"
(New York Spread of Hours Violations, N.L. Lab. L. §§ 650, *et seq.*,
N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.6, 137-1.7)
(Brought By Plaintiffs on Behalf of Themselves and the Class)

62. Defendants repeat, reiterate and reallege each and every response contained in Paragraphs numbered 1 through 61 above, with the same force and effect as if fully set forth herein, and deny each and every allegation not admitted unequivocally herein.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.  Defendants deny the allegations contained in Paragraph 65 of the Complaint.

### AS TO "WHEREFORE" CLAUSE

Defendants deny the allegations contained in Plaintiff's "WHEREFORE" clause, including specifically sub-paragraphs (a) through (j).

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

### AS AND FOR A FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted, either on Plaintiffs' own behalf or on behalf of those plaintiffs purport to represent.

### AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable limitation periods or statutory or procedural prerequisite to suit.

### AS AND FOR A THIRD DEFENSE

This case cannot be maintained as a collective action because Plaintiffs are not similarly-situated to one another or with individuals purportedly in the alleged class or collective action group.

### AS AND FOR A FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the *de minimis* doctrine. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A SIXTH DEFENSE

Plaintiffs lack standing to be and are not adequate representatives of the putative collective or class action and, as such, the Court should neither authorize notice to be issued nor maintain a collective action under the FLSA or a class action under New York law.

### AS AND FOR A SEVENTH DEFENSE

The Complaint is barred, in whole or in part, pursuant, <u>inter alia</u>, to the Portal-to-Portal Act and the FLSA. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR AN EIGHTH DEFENSE

This case is not appropriate for collective or class action treatment because the facts and law common to the case, if any, are insignificant or insufficient as compared to the individual facts and issues particular to each Plaintiff and to the purported collective action members.

### AS AND FOR A NINTH DEFENSE

Plaintiffs cannot establish or maintain a collective or class action because it cannot be demonstrated that a collective or class action is superior to other methods available for adjudicating any controversy.

### AS AND FOR A TENTH DEFENSE

Plaintiffs are not entitled to equitable relief to the extent there is an adequate remedy at law.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiffs' claims for damages are barred or limited by Defendants good faith efforts to comply with applicable law. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## AS AND FOR A TWELFTH DEFENSE

Payments to Plaintiffs were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the New York Labor Law. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiffs cannot establish a willful violation under the FLSA or the New York Labor Law and, as such, the FLSA limitation period is two years and liquidated damages cannot be asserted under any statute.

## AS AND FOR A FIFTEENTH DEFENSE

Plaintiffs' Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

### AS AND FOR A SIXTEENTH DEFENSE

Plaintiffs are unable to meet the criteria necessary to maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### AS AND FOR AN SEVENTEENTH DEFENSE

Defendants were not required to provide any notice pursuant to New York Labor Law § 195 to members of the putative class if they commenced or concluded employment with Defendant Da Silvano prior to the enactment of such requirements.

### AS AND FOR A EIGHTEENTH DEFENSE

Plaintiffs were provided all notices required by New York Labor Law § 195, and even if Plaintiffs were not provided a complete or adequate notice required by that section, Plaintiffs' claims are barred because Defendants made complete and timely payment of all wages due to Plaintiffs under the New York Labor Law.

### AS AND FOR A NINETEENTH DEFENSE

Plaintiffs' claims pursuant to New York Labor Law § 195 are barred because, to the extent Plaintiffs did not receive any required notice pursuant to that Law, Defendants reasonably believed in good faith that they were not required to provide the employee with notice pursuant to the law.

### AS AND FOR A TWENTIETH DEFENSE

Neither liquidated damages nor attorneys' fees may be awarded under New York State Labor Law § 196-d on a claim for unpaid gratuities because gratuities are neither a wage nor a wage supplement.

*    *    *

In addition to the foregoing defenses, Defendants retain the right to amend their Answer to raise additional affirmative and other defenses or pursue any available counterclaims

against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

      **WHEREFORE**, Defendants request that the Court:

      a)    dismiss with prejudice Plaintiffs' Complaint;

      b)    deny each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

      c)    award to Defendants reimbursement for their costs, including attorneys' fees; and, grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       July 29, 2015

                            Respectfully submitted,

                            JACKSON LEWIS P.C.
                            *ATTORNEYS FOR DEFENDANTS*
                            58 South Service Road, Suite 250
                            Melville, New York  11747
                            (631) 247-0404

      By:    _____
                            PAUL J. SIEGEL, ESQ.
                            JOHN J. PORTA, ESQ.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2015, Defendants' Answer to Plaintiff's Complaint was served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

D. MAIMON KIRSCHENBAUM, ESQ.
JOSEPH & KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, New York 10279
(212) 688-5640

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

_____
JOHN J. PORTA

4840-7472-8998, v. 1